ANNIE P. HARRIS ET AL. v. W. D. HOSKINS.

No. 105.

**1. Proof of Execution of an Instrument over Thirty Years Old.** An original transfer of an unlocated land certificate, dated July 26, 1836, bearing every appearance of antiquity and genuineness, though it does not come from the proper custody to be admissible as an ancient instrument, may be read in evidence by proving the handwriting of one of the subscribing witnesses, and that they are dead; and after the lapse of thirty years their death will be presumed.

**2. Ancient Instrument—Proper Custody.**—An instrument over thirty years old, which comes from the custody of the county clerk, but when it was filed with him there was no occasion for its deposit there, as the certificate it purported to transfer had not yet been located, does not come from the proper custody to admit it in evidence as an ancient instrument.

APPEAL from Brazoria. Tried below before Hon. WILLIAM H. BURK-HART.

*H. Masterson* and *Branch T. Masterson,* for appellants.—1. The land certificate issued to Hiram H. Russell was, up to the time of its location, personal property, susceptible of being sold as other personal property, by parol, and the fact of sale could be established by facts and circumstances; and the paper transfer was admissible in evidence as an item of evidence in connection with the other testimony in the case as tending to show the ownership of the certificate in S. Rhoads Fisher, and should have been allowed to go to the jury. Watkins v. Gilkerson, 10 Texas, 340; Cox v. Bray, 28 Texas, 261; Evans v. Hardeman, 15 Texas, 481; Stone v. Brown, 54 Texas, 334; Miller v. Roberts, 18 Texas, 19; Peevy v. Hurt, 32 Texas, 150.

2. The land certificate sold by Hiram H. Russell to S. Rhoads Fisher being personal property, the assignment of it, although in writing, was not required by law to be recorded until it merged into real property by

the location of it on the land in suit. The only question to be considered in determining its admissibility in evidence was the proof of its execution; and even this was unnecessary after it was authenticated for record in the mode pointed out by the statute, and duly recorded, as in this case. Simpson v. Chapman, 45 Texas, 566; Hearne v. Gillett, 62 Texas, 23; Holmes v. Coryell, 58 Texas, 686; Adams v. Railway, 70 Texas, 275.

3. The transfer from Hiram H. Russell being over thirty years of age, was admissible in evidence as an ancient instrument without proof of its execution. Ballard v. Carmichael, 83 Texas, 365; Holmes v. Coryell, 58 Texas, 686; Pasture Co. v. Preston & Smith, 65 Texas, 451; Bass v. Sevier, 58 Texas, 569; Johnson v. Shaw, 41 Texas, 428; Johnson v. Timmons, 50 Texas, 521; Veramendi v. Hutchins, 48 Texas, 531; Hollis v. Dashiell, 52 Texas, 187; Howard v. Colquhoun, 28 Texas, 134; Gainer v. Cotton, 49 Texas, 101; Stroud v. Springfield, 28 Texas, 649; Cox v. Cock, 59 Texas, 521.

*Eugene J. Wilson*, for appellee.—1. The instrument on its face being only a transfer of a "right" to a land certificate, is a stale demand, more than fifty years having elapsed before its attempted enforcement, and the judge had the right to so construe it under the submission to him. Johnson v. Newman, 43 Texas, 629; Frost v. Wolf, 77 Texas, 462; Chamberlain v. Boon, 82 Texas, 480; Reed v. West, 47 Texas, 241; Howard v. Stubblefield, 79 Texas, 1.

2. The issuance of the original headright certificate by the Board of Land Commissioners of San Augustine County to Hiram H. Russell in his name, on February 1, 1838, was such an act of repudiation of the alleged contract or transfer of said Russell's right to Fisher as to set limitation in motion.

GARRETT, CHIEF JUSTICE.—This suit was brought by the heirs of S. Rhoads Fisher, to recover of the appellee, W. B. Hoskins, one-third of a league of land situated in Brazoria County, patented to Hiram H. Russell, March 17, 1875. Plaintiffs claimed title under an alleged transfer of the certificate by virtue of which the land was located to S. Rhoads Fisher, to whom they showed heirship. Defendant pleaded not guilty, and on the trial deraigned title from a junior transfer of the certificate, which was no doubt made under a forged power of attorney. Defendant pleaded also limitations of three, five, and ten years; also stale demand and estoppel.

On the trial below the plaintiffs offered in evidence an instrument in writing, under which they claimed title to the certificate, purporting to have been executed by Hiram H. Russell and witnessed by E. M. Pease and H. C. Hudson. It was dated July 26, 1836, and attached thereto is the certificate of A. Brigham, first auditor in the Treasury Department of Texas, made on said date at Velasco, which recited, that before him,

"for the want of a judge or notary public, there being neither in this place, personally appeared Hiram H. Russell, who declared that the above is his true signature," and also that it was attested in his presence by E. M. Pease and H. C. Hudson. Said instrument was endorsed, "Filed 4th October, 1836. E. H. Winfield, clerk D. C. B." It was also filed for record in the record of deeds for Brazoria County, August 30, 1887, and then recorded; and again, on proof made by the affidavit of H. Masterson, dated June 23, 1891, to the handwriting of E. M. Pease, and that the grantor and grantee were dead, and the other witness, H. C. Hudson, he verily believed to be dead, the instrument was filed for record June 23, 1891, and admitted to record on July 4, 1891, in said record of deeds.

Plaintiffs also offered, in connection with said instrument, evidence of the genuineness of the signature of the subscribing witness E. M. Pease; and also the early records of Brazoria county, to show that E. H. Winfield was clerk of the court in Brazoria in 1836 or 1837; and evidence that said instrument was found in the county clerk's office in Brazoria County; that in the place where it was found there were papers of like character—Spanish records and the like. There is also evidence in the statement of facts that the instrument was found by plaintiffs' attorney in a package of old deeds, in a place in the office where ancient documents were kept, during the year 1886 or early in the year 1887; also tending to show that the grantor in said instrument, S. Rhoads Fisher, had possession of the certificate, and that it was claimed to be the property of the estate of said Fisher, and was lost.

The original instrument has been sent up with the transcript for the inspection of the court. It bears every evidence of antiquity, and appears to be a genuine document. It is as follows:

"To all whom it may concern: Be it known and made manifest, that I, Hiram H. Russell, residing in the Republic of Texas, being fully entitled by law as a citizen and settler, furthermore as a member of the New Orleans Volunteer Greys, having been concerned in the capture of San Antonio at the commencement of the present war, to one unlocated third of a league of land in Texas; and whereas, by the general provision of the Constitution of Texas any citizen is permitted to transfer his headright or other right to land by bargain, sale, or exchange, and in such case the person to whom such right shall have been transferred shall be entitled to the same as fully and completely as the person making the transfer might or could have been; now therefore, for and in consideration of the sum of $100, the receipt whereof I hereby acknowledge, I do hereby grant, bargain, sell, and transfer unto S. Rhoads Fisher, a citizen of Texas, all my right, title, and interest in and to the above mentioned portion of land not yet located; and I do, for myself, my heirs, executors, and administrators, warrant and defend the right and title herein transferred unto the said Fisher, his heirs and assigns, forever; hereby granting him

and all who shall claim under him full and irrevocable power to locate, take formal possession of, and complete the title to the same, in my name or in his own name, according as may be most proper and legal in the full and complete securing of the same unto the said Fisher, his heirs, and assigns, together with all other rights and privileges which in any case may be requisite and necessary for the absolute ownership and enjoyment of said third of a league; and for the further stability of this instrument, I do by these presents renounce the benefit of all laws or parts of laws which may or can affect the validity or intention of this complete and absolute transfer.

" In faith whereof, I have hereunto affixed my hand and seal, this 26th day of July, A. D. 1836, town of Velasco.

　　　　　[Signed]　　　　　　　　　　his
　　　　　　　　　　　　　　　　" HIRAM H. + RUSSELL.
　　　　　　　　　　　　　　　　　　　mark
" Witness:
" E. M. PEASE,
" H. C. HUDSON."

On the objection of defendant, the court excluded the instrument from the consideration of the jury, and instructed them to return a verdict for the defendant.

In terms the instrument was sufficient to transfer the title to the certificate, and consequently, upon its location, the title to the land. As an ancient document, it would be sufficient if there was evidence to show that it came from proper custody, because it appears to be free from suspicion and is over thirty years old. All the evidence as to the custody is, that by some means the deed was deposited by some one with the clerk of Brazoria County, probably at the date of the file mark thereon, and was found in the clerk's office in an old package of deeds, in 1886 or in 1887. It would not be necessary for the instrument to come from the possession or custody of the grantee, but it must be shown to have come from a proper depository. 1 Whart. on Ev., 194.

At the time of the execution of the instrument the land had not been located, and there was no occasion for the deposit thereof with the clerk of the Brazoria court.

We do not think that the evidence was sufficient to support the transfer as an ancient instrument. It was also never properly of record, and was not admissible as a recorded instrument.

But there is a distinction to be observed between the proof of an instrument for record under the registration laws, and the proof of the execution of an instrument when offered in evidence on the trial of a cause. In the latter case the proof must be made by the production of the subscribing witnesses, or one of them, if any, if he be living; but if the subscribing witnesses be dead or incompetent to testify, or can not be pro-

cured, and in other like cases, then secondary evidence of its execution is admissible, as this proof is made by proof of the handwriting of the subscribing witnesses.    Cairrell v. Higgs, 1 Posey's U. C., 56; 1 Whart. on Ev., secs. 726, 1359.

The nonproduction of the witnesses should be accounted for by the party offering the deed; but after the lapse of thirty years the death of the witnesses will be presumed.    The affidavit of Masterson, attached to the transfer, of the death of the witnesses and of the handwriting of E. M. Pease was not properly evidence; but it is stated in the bill of exceptions, that the instrument was offered with evidence of the genuineness of the signature of E. M. Pease.    This, under the circumstances, was sufficient proof of the execution of the transfer for its admission in evidence before the jury, and the court erred in excluding it.

Appellee contends, that the case was virtually tried by the court, and that there was a finding against the execution of the instrument after the hearing of all the evidence by the court, and that the case should now be so considered by this court, and the finding of the court below sustained. The bill of exception states, that " the court excluded said instrument of transfer from the evidence, and refused to permit it to be read to the jury for any purpose, and instructed the jury to return a verdict for the defendant."

We do not feel authorized to deprive the plaintiffs of the right of trial of the issue by a jury, and shall reverse and remand the case.    Defendant's pleas and proof of limitations were met by plea and proof of coverture and minority on the part of most of the plaintiffs, and the judgment can not be affirmed on the ground of limitations.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 2, 1893.